
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 2 0 2007

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

WILLA D. MOREHOUSE,                §
                                   §
          Plaintiff,               §
                                   §
VS.                                §   NO. 4:06-CV-747-A
                                   §
MICHAEL J. ASTRUE,                 §
COMMISSIONER OF SOCIAL             §
SECURITY,                          §
                                   §
          Defendant.               §


MEMORANDUM OPINION
and
ORDER


     Came on for consideration the above-captioned action wherein

Willa D. Morehouse is plaintiff and the Commissioner of Social

Security, currently Michael J. Astrue, is defendant.  The court

has carefully considered the proposed findings, conclusions, and

recommendation of the United States Magistrate Judge ("FC&R"),

plaintiff's objections to same, defendant's response to

plaintiff's objections, and the evidence.  For the reasons given

below, the court has concluded that plaintiff's objections lack

merit.

I.

## Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987).

Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and

disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the plaintiff has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court now makes that determination in the context of the basic principles mentioned above.

II.

Facts

Although plaintiff states that she objects to the magistrate judge's "findings" she actually takes issue with the conclusions made from his findings. Because plaintiff does not make any objection to the facts found by the magistrate judge, the

3

court accepts and adopts the section titled "Administrative Record" in the FC&R.  See FC&R 4-18.

## III.

### Plaintiff's Specific Objections to the FC&R

Plaintiff makes four specific objection to the FC&R.  She objects to the magistrate's conclusions that: (1) the ALJ adequately considered plaintiff's fatigue, daytime drowsiness secondary to sleep apnea, anemia and side-effects from medication; (2) the ALJ properly evaluated plaintiff's swelling and that there was justification for the ALJ's failure to include additional limitations in analyzing plaintiff's functional capacity; (3) the ALJ properly evaluated plaintiff's complaints of knee pain and accurately determined that plaintiff was capable of performing light work; and (4) the ALJ properly concluded that plaintiff's depression only resulted in "mild limitations in her activities of daily living, social functioning and in her concentration, persistence, or pace."  Pl.'s Objs. 3.  Ultimately, plaintiff objects to the magistrate judge's conclusion that the ALJ properly determined that plaintiff has the residual functioning capacity to perform her past relevant work and thus that she is not disabled.

IV.

Analysis

Plaintiff argues that the ALJ did not properly consider her

fatigue, anemia, side-effects of her medication, and her day time

drowsiness secondary to sleep apnea. Specifically, plaintiff

contends that, contrary to the findings of the ALJ, her sleep

apnea was not amenable to the C-Pap machine and that she still

experienced an increase in wheezing. Further, she maintains that

the side effects of medication she was prescribed resulted in

persistent fatigue and lethargy which has not been controlled.

While plaintiff asserts that the error occurred because of the

ALJ's lack of consideration of these factors, the ALJ's findings

make clear that he did consider those factors. He found that

plaintiff's sleep apnea was sufficiently controlled by use of a

CPAP machine and that it could be further controlled with weight

loss. Tr. 20. Further, he found that, although plaintiff

continued to complain of somnolence as a side effect of her

medication, she would become alert again after only fifteen

minutes. Id. Accordingly, the court concludes that the ALJ did

not fail to consider the factors plaintiff points out, rather, he

considered them in determining her ability to perform work-related

functions. The fact that plaintiff disagrees with his

determination that these factors did not preclude her ability to work does not mean that he failed to consider them. Thus, plaintiff cannot show a lack of substantial evidence to support the ALJ's conclusion.

Plaintiff's second objection is to the magistrate judge's conclusion that the ALJ properly evaluated plaintiff's swelling and that there was justification in the ALJ's analysis of plaintiff's functional capacity for the ALJ's failure to include additional limitations because of the swelling. Specifically, plaintiff questions the ALJ's conclusion that her subjective complaints of swelling were "only minimally credible". She opines that the reason swelling was found only occasionally could have been because she elevated her extremities rather than a lack of a problem with swelling.

The ALJ is entitled to determine the credibility of lay witnesses, including the plaintiff, and weigh their opinions accordingly. See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). The ALJ did just that here and did it well. His conclusion that plaintiff's allegations were not totally credible and his decision not to incorporate any additional limitations in his RFC determination are firmly supported by the record. Specifically, the record reveals that there were only occasional

reports of swelling in plaintiff's extremities and that Dr.

Speaker opined that plaintiff did not need to elevate her legs or

use a device for ambulation.  Thus, while the vocational expert

testified that if plaintiff had to lay in bed with her knees

propped up one or two days a month such activity would preclude

competitive employment, the ALJ disregarded that testimony and did

not consider limitations due to swelling in his RFC determination.

The magistrate judge concluded, and the court agrees, that

plaintiff failed to show the ALJ's finding was unsupported by

substantial evidence.

Plaintiff's third objection is to the magistrate judge's

conclusion that the ALJ properly evaluated her complaints of knee

pain and accurately determined that plaintiff was capable of

performing light work.  Plaintiff argues that the record provides

overwhelming evidence that she is not capable of performing light

work because of her severe knee impairment.  In support of her

argument, plaintiff references her scheduled knee replacement

surgery and a statement by Dr. Speaker that plaintiff considers to

be an opinion that plaintiff could only stand and walk less than

two hours a day.[1]  The ALJ, and the magistrate judge in affirming

---

[1]  The court notes that the report of Dr. Speaker that plaintiff cites
to does not mention any limitations due to her knee impairment.  Pl.'s Objs.

the conclusion, took into account plaintiff's knee problems and arthritis and concluded that it was sufficient to limit her to light work that required "no climbing of ladders, ropes, or scaffold, and only occasional balancing, stopping, kneeling, crouching, crawling, or climbing or ramps or stairs." FC&R 20. The court concludes plaintiff has failed to show that there is no substantial evidence to support the ALJ's conclusion that she is capable of performing certain light work.

Plaintiff's final objection is to the magistrate judge's conclusion that the ALJ properly determined that her depression imposed only mild limitations in her daily activities, social functioning, and in her concentration, persistence or pace. Plaintiff contends that the ALJ's assessment of her depression was inconsistent with that of the state examiner, Dr. Holm, who found plaintiff to have moderate symptoms, and her treating therapist, Mr. Ballenger, who purportedly "indicated that [plaintiff] would have severe limitations in her abilities to perform the basic mental demands of competitive, remunerative employment." Pl.'s Objs. 3. Plaintiff then argues that because of these limitations, her occupational base is seriously eroded to the point of

---

3; Tr. 388.

justifying a finding of disability. The magistrate judge properly concluded that because Mr. Ballenger is a therapist he is not an acceptable medical source for purposes of determining a medically determinable impairment. FC&R 21 (citing Social Security Ruling 06-03p). However, the ALJ can, and did, take into account Mr. Ballenger's opinion for purposes of determining the severity of plaintiff's depression. The ALJ found that Mr. Ballenger's opinion that plaintiff was unable to work on a consistent basis should be given little weight because it contradicted his own previous notes and assessments. After considering Mr. Ballenger and Dr. Holm's opinions, the ALJ determined that plaintiff's depression was not a severe impairment. The record reflects, and the court concludes, that plaintiff has not demonstrated that there is a lack of substantial evidence to support the ALJ's conclusion that her depression imposed only mild limitations.

As discussed above, the court concludes that plaintiff has failed to show that there is lack of substantial evidence to support the ALJ's determination of her limitations, RFC, her ability to perform her past relevant work, and thus, that she is not disabled.

V.

## Conclusion and Order

For the reasons stated above, the court concludes that all of plaintiff's objections to the FC&R lack merit.  Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations.  Consistent therewith,

The court ORDERS that the Commissioner's decision be, and is hereby, affirmed.

SIGNED December 20, 2007.

_____
JOHN McBRYDE
United States District Judge

10